UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ALVIN JERONES PURDIE, JR., a/k/a
Purdie Boy,
            *Defendant-Appellant.*

No. 95-5408

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Malcolm J. Howard, District Judge.
(CR-94-46-H)

Submitted: December 20, 2000

Decided: March 20, 2001

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Spurgeon Fields, III, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Alvin Jerones Purdie, Jr., was convicted by a jury of one count of conspiracy to possess crack cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (1994), one count of using a firearm during and in relation to a drug trafficking crime and aiding and abetting same, in violation of 18 U.S.C.A. §§ 2, 924(c) (West 2000), and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994). The district court imposed a 264 month term of imprisonment for each of the drug convictions, to be served concurrently, and a 60 month term of imprisonment for the firearm conviction, to be served consecutively to the drug sentences. Purdie's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he raises the following two issues, but claims that neither has merit: (1) whether sufficient evidence supported Purdie's drug convictions, and (2) whether the district court erred in determining the quantity of drugs attributable to Purdie. In addition, counsel contends that the evidence was insufficient to sustain the firearm conviction.[1] Purdie was informed of the opportunity to file a pro se supplemental brief, but has not done so. We affirm the convictions and sentences.

"The verdict of [the] jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). The Court must also "allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). We find that there was substantial evidence sufficient to sustain all the convictions.

In addition, we find that the court was not clearly erroneous in ascertaining the amount of drugs attributed to Purdie in order to deter-

---

[1]We are assuming for purposes of decision only that the appeal is governed by *Anders*, notwithstanding the presence of one fully briefed issue.

mine the offense level. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999).[2]

In accordance with the requirements of *Anders*, we have considered the entire record on appeal and find that there was no reversible error. Accordingly, we affirm the convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]We have considered the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and find that the 264 month term of imprisonment for the drug convictions did not affect Purdie's substantial rights. *United States v. White*, ___ F.3d ___, 2001 WL 87453 (4th Cir. Feb. 1, 2001).